ROBERT L. BLAND, Judge.
The claim involved in this case grows out of an accident on a state highway where a bridge spanning a creek had been washed out by a flood and no warning sign of danger had been installed at the point where such bridge had been located.
*165 Claimant Russell Randolph contends that state route No. 58 is a secondary highway leading from an oil refinery at the mouth of Falling Rock Creek on Elk River, below the town of Clendenin in Kanawha county, West Virginia, up said creek for a distance of several miles. He represents that there were several bridges on this highway and that one of these bridges, by which said highway crossed said Falling Rock Creek, about one mile above the mouth thereof, was washed out by a flood in the month of August, 1945, leaving said highway without means of crossing the said creek at said point, but that thereafter the said road commission put barriers up on the highway below said bridge, and either the public or the commission arranged a makeshift crossing below the place where said bridge had been for the use of persons who found it necessary to travel said highway, but put no guards, signs or barriers on said highway above the creek, thereby leaving the highway, at the point where the same went upon the place where the bridge had been, unguarded and dangerous for persons traveling said highway, coming down said creek, particularly at night. He further contends that at the point where said bridge had been washed out on the upper sdie, or side leading up the creek, the highway was approximately twenty feet above the creek bed below and the decline to said creek bed was at an angle of ninety degrees or straight up-and down, and was left unguarded and unobstructed. These contentions of plaintiff are very well supported by the evidence which he introduced in support of his claim.
On the night of October 31, 1945, claimant, who was then in the naval service of the United States but at home on leave, met, in the city of Charleston, an acquainance and friend who resided a short distance from the point at which the bridge aforesaid had washed out, and very kindly consented to drive him, in claimant’s automobile, to his home. Claimant was not acquainted with the road and knew nothing about the washout of the bridge. It is true, as disclosed by the evidence, that claimant’s friend did direct him how to cross the creek at the makeshift bridge. Claimant left the home of his friend on his *166 return to Charleston about one thiry o'clock on the morning of October 11, 1(M1, traveling on the road directly to the point where the .washed out bridge had spanned the creek. His automobile was precipitated over the embankment and badly damaged, but he escaped with minor injuries. He asserts his claim against the road commission for the sum of $100.00. One witness who testified as to the damage done to the automobile placed it at approximately $171.00. bul this estimate included the painting and enameling of the vehicle. The testimony of claimant as to the amount he actually paid for the car is somewhat in doubt, as disclosed by the evidence, especially in view of his contradictory statements. He testified that when he bought the car he paid $100- for it. whereas at the time of purchase he swore, under oath, that he paid $100.00 for it.
It is made clear that after the accident the automobile was in exceedingly bad condition, although it could proceed to the garage upon its own power, and claimant was obliged to spend considerable money to have it repaired. The exact amount of said outlay is not made clear to the court. In any event claimant was able to sell his automobile for $171.00.
The court was not favorably impressed by the integrity of the testimony of claimant or by his contradictory statements while testifying, but nevertheless the record makes it clear that he ditl in fact sustain a property damage on account of the unguarded condition of the highway at the point where the bridge had been washed out. and under the peculiar circumstances of the case it is believed that notwithstanding the unsatisfactory testimony given by him, he is entitled to a reasonable award for the damage which he has suffered, but this is especially so in view of the failure of the road commission to offer any testimony whatever to explain why it would permit the highway at the point where the bridge had been to remain without any sign of warning of danger from the date of flood in August to the date of the occurrence of the accident on the thirty-first of October following. It would seem that persons unacquainted with existing conditions traveling the highway should be properly *167 and sufficiently warned of (lie danger in crossing the creek at the point where (lie bridge had been washed out.
In view of the failure ol (lie road commission to install sufficient warning signs, and (lie peculiar circumstances attending the case in question, an award will be made in favor of claimant, Russell Randolph, in the sum of one hundred dollars ($100.00), the court being of opinion, from all of the evidence in the case, that said amount will amply compensate him for such damage as he sustained.